Filed 11/7/22  P. v. Sauceda CA2/6
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B301139 |
| | (Super. Ct. No. 1434089) |
| Plaintiff and Respondent, | (Santa Barbara County) |
| v. | |
| | OPINION FOLLOWING |
| | TRANSFER FROM |
| SANTOS MANUEL SAUCEDA, | SUPREME COURT |
| Defendant and Appellant. | |

Santos Manuel Sauceda appeals from the trial court's order denying his petition for resentencing.  (Pen. Code,[1] § 1172.6.[2])

_____

[1] Statutory references are to the Penal Code.

[2] Sauceda filed his resentencing petition when former section 1170.95 was still in effect.  Effective June 30, 2022, former section 1170.95 was renumbered 1172.6, with no change to the text of the statute.  (See *People v. Mitchell* (2022) 81 Cal.App.5th 575, 583.)  We use the statute's current designation throughout this opinion.

He contends the court erred when it summarily denied the petition without appointing counsel. We vacate the denial order and remand.

FACTUAL AND PROCEDURAL HISTORY

In May 2015, a jury convicted Sauceda and four codefendants of first degree murder (§§ 187, subd. (a), 189, subd. (a)), and found true a special circumstance allegation that they committed murder during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)). (*People v. Gonzales* (Aug. 7, 2018, B264384) 2018 WL 3737940 at p. *1 (*Gonzales*) [nonpub. opn.].) In a bifurcated proceeding, the trial court found true allegations that Sauceda had served two prior prison terms (§ 667.5, subd. (b)). (*Gonzales*, at p. *1.) It sentenced him to life in state prison without the possibility of parole plus two years. (*Ibid.*)

We affirmed the judgment on appeal. (*Gonzales*, *supra*, 2018 WL 3737940 at p. *17.) Among other things, we concluded that substantial evidence supported the jury's true finding on the kidnapping special circumstance allegation because Sauceda "was a major participant in the kidnapping that led to the victim's murder" and "demonstrated reckless disregard for human life." (*Id.* at p. *1; see *People v. Clark* (2016) 63 Cal.4th 522, 618-623 and *People v. Banks* (2015) 61 Cal.4th 788, 797-803.) Specifically, in the months before the murder Sauceda said that the outlook for the victim " '[didn't]' look good." (*Gonzales*, at p. *8.) After a codefendant lured the victim to a house, Sauceda helped to force him into a back room that had a shower curtain covering the carpeted floor. (*Id.* at p. *2.) He then "assisted in a violent and ultimately lethal attack of long duration during which" a codefendant tortured the victim by looping a belt around his neck and attacking him with a machete and scissors. (*Id.* at pp. *7-8.) And though his codefendants inflicted most of the

2

victim's injuries, Sauceda neither restrained them nor provided the victim with any assistance—despite being able to do so. (*Id*. at p. *7.) He was later "instrumental" in disposing of the victim's body. (*Id*. at p. *8.)

After his case was final on appeal, Sauceda petitioned the trial court to resentence him pursuant to section 1172.6. In his petition, Sauceda declared that: (1) the information filed against him allowed the prosecution to proceed on a felony murder theory, (2) he was convicted of first degree felony murder, (3) he could not now be convicted of first degree murder based on amendments to sections 188 and 189, and (4) he was not the actual killer, did not harbor the intent to kill, and was not a major participant in the underlying kidnapping who acted with reckless indifference to human life. Sauceda also requested the appointment of counsel to assist him during the resentencing process.

The trial court summarily denied Sauceda's petition without appointing counsel, concluding that he failed to make a prima facie showing that he was entitled to relief. The jury found true the kidnapping special circumstance allegation, which required proof that Sauceda was a major participant in the kidnapping who acted with reckless indifference to human life. Because of that finding—which was upheld on appeal—Sauceda was ineligible for section 1172.6 resentencing as a matter of law.

We affirmed the trial court's denial of Sauceda's resentencing petition. The trial court instructed jurors on the intent required to prove the kidnapping special circumstance allegation. That instruction told jurors that they could convict Sauceda of first degree murder as an aider and abettor only if prosecutors proved either: (1) that he participated in the kidnapping with the intent to kill, or (2) that his participation in

3

the kidnapping began before or during the killing, that he was a major participant in the kidnapping, and that he acted with reckless indifference to human life.  (See CALCRIM No. 703.)  Those are the same theories that permit a first degree felony murder conviction pursuant to the amended version of section 189.  (See § 189, subd. (e).)  Thus, in finding the kidnapping special circumstance true, jurors necessarily determined that Sauceda could still be convicted of murder under the current versions of sections 188 and 189.

We reached this conclusion notwithstanding that Sauceda was convicted prior to our Supreme Court's decisions in *Banks* and *Clark*, which construed "major participant" and "reckless indifference to human life" more narrowly than courts had previously.  Though the jury did not have the Supreme Court's guidance, we did when we decided Sauceda's direct appeal.  And we applied that guidance when we upheld the jury's special circumstance finding.  We concluded that this finding was necessarily based on conduct that remains prohibited today.  It was accordingly proper for the trial court to rely on it when summarily denying Sauceda's section 1172.6 petition without appointing counsel.

The Supreme Court subsequently granted Sauceda's petition for review, transferred the case back to us, and ordered us to vacate our prior decision and reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

## DISCUSSION

Sauceda contends, and the Attorney General concedes, that the trial court's summary denial of his resentencing petition

4

violated section 1172.6's procedural requirements.  Having reconsidered the matter, we agree.[3]

In *Lewis,* the Supreme Court held that a trial court must appoint counsel for those who request such an appointment when filing a section 1172.6-compliant resentencing petition.  (*Lewis, supra*, 11 Cal.5th at p. 963.)  If the court erroneously denies the petitioner's request, the error is prejudicial if the petitioner shows a reasonable probability that their petition would not have been summarily denied had they been afforded the assistance of counsel.  (*Id.* at p. 974.)

In *Strong*, the Supreme Court held that a true finding on a felony-murder special circumstance allegation rendered prior to *Banks* and *Clark* does not preclude a petitioner from showing eligibility for section 1172.6 relief.  (*Strong, supra*, 13 Cal.5th at pp. 717-718.)  Nor is such a showing precluded where the evidence would nevertheless have been sufficient to uphold the finding on appeal under the principles set forth in those two cases.  (*Id.* at pp. 710, 720.)

Here, Sauceda filed a resentencing petition and requested the appointment of counsel.  Because that petition complied with the provisions of section 1172.6, the trial court erred when it summarily denied the petition.  And that error was prejudicial because: (1) the jury's true finding on the kidnapping special circumstance allegation predates *Banks* and *Clark*, and (2) our conclusion that substantial evidence supports the finding under the standards articulated in those cases does not "amount[] to the

---

[3] The decision in *People v. Sauceda* (Jan. 5, 2021, B301139) [nonpub. opn.], judg. vacated and cause remanded for further consideration in light of *Strong, supra*, 13 Cal.5th 698 and *Lewis, supra*, 11 Cal.5th 952, is vacated.

[prima facie] determination section 1172.6 requires." (*Strong*, *supra*, 13 Cal.5th at p. 720.) Remand is required.[4]

DISPOSITION

The order denying Sauceda's petition for section 1172.6 resentencing, entered September 16, 2019, is vacated, and the matter is remanded to the trial court with directions to appoint counsel, issue an order to show cause, and hold an evidentiary hearing at which prosecutors must prove, beyond a reasonable doubt, that Sauceda is guilty of murder under the current versions of sections 188 and 189. We express no opinion as to how the court should rule at the conclusion of the hearing.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.          PERREN, J.[*]

---

[4] Given our conclusion, we do not consider Sauceda's alternative argument that the summary denial of his resentencing petition violated his Sixth Amendment and due process rights. We also need not opine on his challenge to the trial court's reliance on hearsay statements in *Gonzales*, *supra*, 2018 WL 3737940 when denying the petition. We note, however, that the Supreme Court has rejected similar challenges. (See *Lewis*, *supra*, 11 Cal.5th at p. 972; *People v. Woodell* (1998) 17 Cal.4th 448, 459-460.)

[*] Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.